FILED

MAY 25 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re | ) | Case No. 04-15521-A-13 |
|---|---|---|
| ANGEL URBANO IGNACIO and OLIVIANN IGNACIO, | ) ) ) ) | MC No. JMP-1 |
| Debtors. | ) ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO VACATE STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtors filed this voluntary chapter 13 petition on June 25, 2004. They own real property commonly known as 2016 19th Avenue, Delano, California ("the property"). Debtors schedules reflect that the property is used for rental purposes. On April 20, 2006, Citicorp Trust Bank, FSB, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. No opposition to the motion was filed.

## Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 13 case is granted a discharge. 11 U.S.C. § 362(c).

However, the automatic stay may be terminated earlier for cause, including if the debtors fail to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

The debtors' first amended chapter 13 plan was

approved by the court on February 7, 2005. The debtors' last mortgage payment to the movant was received on March 22, 2006, and was applied to the payment due on November 17, 2005. While the bankruptcy court can protect the debtor with respect to pre-petition defaults, it has much less authority to deal with post-petition defaults. The failure to make post-petition mortgage payments constitutes cause to grant the movant relief from stay.

The court also notes that the debtors scheduled the value of the property to be $90,000, with an obligation to the movant of over $92,402.12. The debtors have no equity in the property.

For the reasons given, the motion will be granted. An appropriate order will issue.

Dated: May 25, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Angel & Oliviann Ignacio
1935 Vassar Street
Delano, CA 93215

William H. Bullis
409 18th Street
Bakersfield, CA 93301

JaVonne M. Phillips
McCarthy & Holthus, LLP
1770 Fourth Ave.
San Diego, CA 92101

M. Nelson Enmark
3447 W. Shaw Ave.
Fresno, CA 93711

Office of the United States Trustee
United States Courthouse
2500 Tulare Street, Suite 2501
Fresno, CA 93721-1318

Dated: 5/24/06

_____
Deputy Clerk